**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **DORIAN LINNEAR, AND ALL OTHERS SIMILARLY SITUATED,** | |
| *Plaintiff*, | |
| **v.** | |
| | **Civil Action No.** |
| **ILLINICARE HEALTH PLAN, INC. and CENTENE MANAGEMENT COMPANY, LLC** | |
| *Defendants*. | |

## COMPLAINT

Plaintiff Dorian Linnear brings this action individually, on behalf of those similarly situated, and on behalf of the proposed Illinois Class Members (defined below), through her attorneys and for her Complaint against Illinicare Health Plan, Inc. ("Illinicare") and Centene Management Company, LLC ("Centene Management")(collectively "Defendants"), and in support shows the Court the following:

### I.      SUMMARY

1.      This is an opt-in collective action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*, and a opt-out class action brought pursuant to the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IL Wage Law") and Federal Rule of Civil Procedure 23.

2.      Defendants employed Plaintiff and other Class Members as "Care Coordinators" whose job duties included (1) asking members standardized questions to collect data for care assessments, (2) inputting answers to those questions into Defendants' computer systems, (3) coordinating care by performing such ministerial tasks as arranging appointments, referrals, and

**COMPLAINT**                                                                                    **Page - 1**

obtaining necessary authorizations from members, and (4) supplying members with additional information and resources to educate members concerning their health plan needs.

3.     Defendants misclassified Care Coordinators as exempt from federal and state mandated overtime pay, paid them a salary and refused to pay them overtime pay despite them regularly working over 40 hours per workweek.

## II.     PARTIES

4.      Plaintiff Dorian Linnear ("Plaintiff" or "Linnear") worked as a Care Coordinator for Defendants in Illinois in the three years prior to the filing of this case. Plaintiff worked over 40 hours in one or more workweeks in Illinois during that time period. Her consent to participate is attached as Exhibit A to this Complaint.

5.     Plaintiff brings this action individually and on behalf of those similarly situated pursuant to the FLSA ("FLSA Class Members"). The FLSA Class Members include, without limitation, such job titles as "Care Coordinator," "Behavioral Health Care Coordinator," "Program Specialist," and other job titles performing the same or similar duties.

6.     Plaintiff also brings this action as a Rule 23 action on behalf of all FLSA Class Members who worked for Defendants in Illinois in at least one workweek of more than 40 hours over the part three years ("IL Class Members"). The IL Class Members and FLSA Class Members are collectively referred to as "Class Members."

7.     Defendant Illinicare is a Centene Corporation subsidiary and an Illinois corporation that has appointed C T Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604 as its agent for service of process.

8.     Defendant Centene Management is a Centene Corporation subsidiary and Wisconsin limited liability company that has appointed C T Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604 as its agent for services of process.

**COMPLAINT**                                                                                              **Page - 2**

### III.   JURISDICTION AND VENUE

9.     This Court has jurisdiction over Plaintiff's FLSA claim because that claim arises under federal law pursuant to 29 U.S.C. § 216(b) and pursuant to 28 U.S.C. § 1331.

10.    This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1332(d) because this is a class action with an amount in controversy of over $5,000,000.00 exclusive of interest and costs, and at least one IL Class Member is a citizen from a different state than Defendants. Alternatively, the Court has supplemental jurisdiction pursuant to 28 U.S.C § 1367.

11.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the events forming the basis of the suit occurred in this District and because one or more of the Parties reside in this District.

### IV.   COVERAGE

12.    At all material times, Defendants have acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and the Class Members.

13.    At all times hereinafter mentioned, Defendants have been employers or joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and IL Wage Law.

14.    At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

15.    At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not

**COMPLAINT**                                                                                              **Page - 3**

less than $500,000 (exclusive of excise taxes at the retail level which are separately stated). Plaintiff and the Class Members specifically handled materials, including computer and other equipment, to perform their duties.

16.     At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 203(e)(1).

## V.     FACTUAL ALLEGATIONS

17.     Defendants have had business operations throughout the United States, including in Illinois and this Judicial District, during the three years prior to the filing of this lawsuit. Defendants have had an annual gross volume of sales made or business done exceeding $500,000.00 during each year over the past three years.

18.     Plaintiff worked as a Care Coordinator for Defendants from approximately May 2014 to November 2014.

19.     As a Care Coordinator, Plaintiff's primary job duties primary job duties (1) asking members standardized questions to collect data for care assessments, (2) inputting answers to those questions into Defendants' computer systems, (3) coordinating care by performing such ministerial tasks as arranging appointments, referrals, and obtaining necessary authorizations from members, and (4) supplying members with additional information and resources to educate members concerning their health plan needs.

20.     These job duties were routine and rote and did not include the exercise of discretion and independent judgment with respect to matters of significance to Defendants.

21.     Plaintiff worked over 40 hours in one or more individual work weeks.

22.     Defendants did not pay Plaintiff for all overtime hours she worked in excess of 40 hours per workweek.

23.     Instead of providing Plaintiff with overtime pay, Defendants classified Plaintiff as exempt and paid her a salary with no overtime pay for her many hours of overtime work.

24.     Defendants knew that Plaintiff worked in excess of 40 hours per week.

25.     Plaintiff is entitled to receive overtime pay for all the hours she worked in excess of 40 per workweek.

26.     Defendants willfully misclassified Plaintiff as exempt and refused to pay her overtime, despite (1) having awareness of the FLSA's minimum wage and overtime requirements; (2) routinely receiving complaints from Plaintiff and Class Members regarding their pay and not being paid for overtime hours; and (3) paying workers who performed substantially similar, non-exempt duties on an hourly/overtime eligible basis, but choosing not to pay Plaintiff overtime.

## VI.     COLLECTIVE AND CLASS ALLEGATIONS

27.     Plaintiff brings her FLSA claims as a collective action under 29 U.S.C. § 216(b), and her IL Wage Law claims as a class action under Federal Rule of Civil Procedure 23.

28.     The similarly situated FLSA Class Members are Defendants' current and former non-supervisory employees who worked more than 40 hours in at least one workweek over the past three years, who were paid a salary, and whose primary job duties included (1) asking members standardized questions to collect data for care assessments, (2) inputting answers to those questions into Defendants' computer systems, (3) coordinating care by performing such ministerial tasks as arranging appointments, referrals, and obtaining necessary authorizations from members, (4) supplying members with additional information and resources to educate members concerning their health plan needs, or other similar work.

29.     Plaintiff brings her class action on behalf of the IL Class Members, which is maintainable under subsections (1), (2), (3) and (4) of Rule 23(a).

**COMPLAINT**                                                                                                 **Page - 5**

30.     The IL Class Members are so numerous that their joinder is impracticable. While the precise number of the IL Class Members is unknown, at least 100 IL Class Members have worked at least one workweek of more than 40 hours in each of Illinois over the past three years.

31.     Common questions of law and fact for the IL Class Members predominate over any questions affecting any individual member, including: (1) whether Defendants violated IL Wage Law by failing to pay the IL Class Members overtime compensation for all hours worked in excess of forty in an individual workweek; (2) the proper measure of damages sustained by the IL Class Members; and (3) whether Defendants should be enjoined for such violations in the future.

32.     Plaintiff's claims are typical of those of the IL Class Members. Plaintiff and the IL Class Members (1) had the same primary job duties; (2) were classified as exempt from overtime; (3) worked in Illinois in at least one workweek for over 40 hours in the over the last three years; and (4) were denied overtime at a rate of one-and-one half times their regular rates of pay for all overtime hours worked.

33.     Plaintiff will fairly and adequately protect the IL Class Members' interests and has retained counsel experienced in complex wage and hour class action litigation.

34.     The class action is maintainable under subsection (3) of Rule 23(b) because common questions of law and fact predominate among the class members and because the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

35.     Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendants' policies and practices. No apparent difficulties exist in managing this class action. Plaintiff intends to send notice to the proposed IL Class Members to the extent required by Fed. R. Civ. 23(c).

**COMPLAINT**                                                                                          **Page - 6**

36.     The class action is also maintainable under subsection (4) of Rule 23(c) with respect to particular legal and factual issues raised in this litigation.

## VII.     COUNT ONE:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

37.     Plaintiff incorporates all of the previous paragraphs as if fully stated herein.

38.     During the relevant period, Defendants violated and continue to violate the Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-7, and 215(a)(2) by employing Plaintiff and other FLSA Class Members in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed.

39.     Defendants acted willfully in failing to pay Plaintiff and other FLSA Class Members in accordance with the law.

## VIII.   COUNT TWO:  VIOLATION OF ILLINOIS WAGE LAW

40.     Plaintiff incorporates all of the previous paragraphs as if fully stated herein.

41.     Plaintiff and the IL Class Members are entitled to unpaid overtime in an amount equal to one-and-one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek pursuant to the formula outlined in IL Wage Law.

42.     During the relevant time period, Defendants violated and continue to violate the IL Wage Law by employing employees and regularly and repeatedly failing to pay employees for all hours worked and pay overtime wages at a rate of at least one-and-a-half times their regular rates of pay.

43.     Pursuant to 820 ILCS 105/12(a), Plaintiff and the IL Class Members are entitled to recover overtime wages for up to three years prior to the filing of this lawsuit, plus damages in an amount of two percent (2%) per month of the amount of the underpayments.

## IX.     RELIEF SOUGHT

44.     Plaintiff prays for judgment against Defendants as follows:

a.      For an order preliminarily and permanently restraining Defendants from engaging in the aforementioned pay violations;

b.      For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit);

c.      For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

d.      For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

e.      For an Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

f.      For an Order certifying the IL Wage Law claims as a Class Action pursuant to Fed. R. Civ. P. 23, for designation of Plaintiff as class representative, and for designation of Plaintiff's counsel as class counsel;

g.      For an Order awarding Plaintiff and the IL Class Members damages pursuant to the formula set forth in 820 ILCS 105/12(a);

h.      For an award of attorneys' fees, expenses, expert fees and costs incurred by plaintiffs in vindicating their rights under applicable federal and Illinois Law; and

i.      For a service payment to the Plaintiff for services provided on behalf of the Class Members; and

j.      For such other and further legal or equitable relief as this Court deems to be just and appropriate.

Respectfully submitted,

s/Douglas M. Werman
DOUGLAS M. WERMAN –
  dwerman@flsalaw.com
Werman Salas P.C.
77 West Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

J. DEREK BRAZIEL*
Texas Bar No. 00793380
TRAVIS GASPER*
Texas Bar No. 24096881
Lee & Braziel, L.L.P.
1801 N. Lamar Street, Suite 325
Dallas, Texas  75202
(214) 749-1400 phone
www.overtimelawyer.com

JACK SIEGEL*
Texas Bar No. 24070621
Siegel Law Group PLLC
2820 McKinnon, Suite 5009
Dallas, Texas 75201
P: (214) 790-4454
www.4overtimelawyer.com

*Application for admission pro hac vice
forthcoming

**ATTORNEYS FOR PLAINTIFF**