IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DORIAN LINNEAR, AND ALL OTHERS SIMILARLY SITUATED, <br><br> *Plaintiff*, <br><br> v. <br><br> ILLINICARE HEALTH PLAN, INC. & CENTENE MANAGEMENT COMPANY, LLC, <br><br> *Defendants*. | Civil Action No. 1:17-cv-07132 <br><br> Honorable Rebecca R. Pallmeyer |

**ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AGREEMENT FOR CLASS AND COLLECTIVE ACTION CLAIMS AND ENTERING PARTIAL FINAL JUDGMENT PURSUANT TO FED. R. CIV. P. 54(b)**

This Court, having granted preliminary approval of the Parties' Settlement Agreement for Class and Collective Action Claims (ECF No. 134), having reviewed Plaintiffs' Unopposed Motion for Final Approval of Settlement Agreement for Class and Collective Action Claims and supporting exhibits submitted by Plaintiffs, as well as the Parties' presentation at the Final Approval Hearing, and otherwise being fully informed, the Court finds and orders as follows[1]:

1. The Court finds that it has personal jurisdiction over all members of the Settlement Class and that it has subject matter jurisdiction over all claims being settled and to approve the Settlement Agreement and all exhibits thereto. This Partial Final Judgment adopts and incorporates the Settlement Agreement, the terms defined therein, and all exhibits thereto.

2. The Court finally approves the Settlement Agreement and the Settlement of the Rule 23 Settlement Class Members' claims as fair, reasonable and adequate. The Settlement of the

---

[1] All capitalized terms are defined in the Parties' Settlement Agreement. *See* ECF No. 109-1.

Opt-In Plaintiffs' claims is approved as a fair, equitable, and reasonable resolution of a *bona fide* dispute in this contested litigation. The Settlement was reached pursuant to arm's-length negotiations between the Parties after substantial informal discovery, and has the support of Settlement Class Counsel and Counsel for Defendants, all of whom have significant experience representing parties in complex class actions. The Settlement is consistent and in compliance with all requirements of the law, and in the best interest of each of the Parties and the members of the Settlement Class.

3. The formula for allocation of settlement payments set forth in the Settlement Agreement is approved as a fair, equitable, and reasonable measure for calculating and distributing the settlement payments to Named Plaintiffs, Rule 23 Settlement Class Members, and Opt-in Plaintiffs. The relief with respect to the Settlement Class is adequate, as to the individual members of the Settlement Class relative to each other and as a whole.

4. The Court finds that the Settlement Class certified in its September 9, 2019 Order (ECF No. 134) satisfies the requirements of Rule 23(a) and is maintainable under Rule 23(b)(3) for purposes of settlement of this action. The Settlement Class includes:

   a. **FLSA Opt-In Plaintiffs.** All "opt-in" Plaintiffs who have filed consent to join forms and have not withdrawn them as of the date specified in the Settlement Notice, excluding the approximately 20 Opt-In Plaintiffs employed by Defendants in a Care Manager (RN) position (or similar care management position whose job description required an RN license) ("Opt-In Plaintiffs"); and

   b. **Illinois Rule 23 State Law Settlement Class.** An Illinois Rule 23 State Law Settlement Class consisting of all individuals who are not FLSA Opt-In Plaintiffs who are or were employed by Defendants in Illinois as exempt Program Specialists or exempt Behavioral Case Managers (or similar exempt care coordinator position whose job description did not require an RN license), at any time during the period from October 3, 2014 to September 29, 2018, who do not timely opt out of the Settlement within the time specified in the Settlement Notice ("Rule 23 Settlement Class Members").

The Settlement Class Members are identified on Exhibit A of the Settlement Agreement. The Settlement Class does not include the one individual who requested to be excluded from the Rule 23 Settlement Class, identified in Exhibit 3 to the Declaration of Caroline Barazesh.

5.  The Notices of Class Action Settlement ("Settlement Notice") sent to the members of the Settlement Class via First Class Mail were the best notices practicable under the circumstances and adequately informed the Settlement Class Members of the nature of the action, the definition of the Settlement Class, the claims and defenses, the terms of the Settlement Agreement, their estimated recovery if the Settlement was approved, the process available to them to obtain monetary relief, their right to request exclusion from the Settlement and pursue their own remedies, their opportunity to file written objections and to appear and be heard at the Hearing on Final Approval regarding the approval of the Settlement Agreement, and the binding effect of a judgment on Settlement Class Members. The Settlement Notice also adequately informed the Settlement Class Members of additional resources available for further information, including the telephone number of Settlement Class Counsel and the Settlement Administrator from whom Settlement Class Members could access additional information and documents regarding the case and settlement. The Court finds that the Settlement Notice provided satisfied the requirements of Rule 23(c)(2)(B) and Rule 23(e)(1) and all requirements of due process.

6.  As identified in the declaration of Caroline Barazesh, Settlement Administrator, the Court finds that only one Settlement Class Member excluded herself from the Settlement following the issuance of the Settlement Notice and only one Settlement Class Member objected to the Settlement. The minute number of any objections to the Settlement by Settlement Class Members likewise supports approval of the Settlement. In addition, the litigation was settled after substantial

informal discovery which allowed the Parties to evaluate the merits of the case, potential damages, and the probable course of future litigation, and thus warrants approval of the Settlement.

7. The Court finds that Plaintiff and Settlement Class Counsel adequately represented the Settlement Class for the purpose of entering into and implementing the Settlement.

8. The Court has considered the objection submitted by a single class member, who could have, but did not, opt out of the Settlement Agreement. The court overrules those objections. First, the court is satisfied that the submissions in support of the Agreement provide an adequate explanation of the recovery calculations. The objector's preference for a different formula for distribution of settlement funds does not lead the court to conclude that the agreed-upon formula is unreasonable. The court believes it would be improper to reduce the recovery to class members who were not among the Opt-In group, and that characterizing the recovery as non-wage income would be inaccurate and potentially fraudulent.

9. The Court directs the Parties and their counsel to implement and consummate the Settlement Agreement in accordance with its terms and provisions.

10. The Settlement Agreement is binding on all Participating Settlement Class Members, as defined in the parties' Settlement Agreement. The Court adjudges that Plaintiff and the Participating Settlement Class Members have fully, finally, and conclusively compromised, settled, discharged, dismissed, and released any and all Released Claims against Defendants and the Released Parties, as further provided in Section III.3 of the Settlement Agreement.

10. The Court approves the Service Award of $5,000 to Named Plaintiff Linnear. This Service Award recognizes the Named Plaintiff's service to the Settlement Class, including time and effort spent conferring with Settlement Class Counsel, filing and pursuing the Action, producing documents, participating in the mediation and resolving the Action on behalf of all Opt-

In Plaintiffs and Rule 23 Settlement Class Members. This service award is consistent with those approved by other courts in the Northern District of Illinois for similar activities. *See Briggs v. PNC Fin. Servs. Grp., Inc.*, 2016 WL 7018566, *2 (N.D. Ill. Nov. 29, 2016) (approving $12,500 service award to two plaintiffs in FLSA settlement for a total of $25,000 in service awards); *Castillo v. Noodles & Company,* 2016 WL 7451623 (N.D. Ill. Dec. 23, 2016) (approving $10,000 service award to four plaintiffs in FLSA settlement for a total of $40,000 in service awards).

11. The Court grants Settlement Class Counsel's request for attorney's fees in the amount of $875,000.

12. The attorneys' fees provisions of the Fair Labor Standards Act, 29 U.S.C. § 216(b), ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/12, ("IMWL"), exist to enable plaintiffs to employ reasonably competent lawyers without cost to themselves if they prevail and, thereby, to help ensure enforcement of the substantive provisions of the FLSA and the IMWL. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); 820 ILCS 105/12 ("If any employee is paid by this employer less than the wage to which he is entitled under the provisions of this Act, the employee may recover in a civil action the amount of any such underpayments together with costs and such reasonable attorney's fees and may be allowed by the Court").

13. Settlement Class Counsel seek thirty-five percent of the Gross Settlement Fund as their attorneys' fees. Settlement Class Counsel's request is consistent with the market in the Northern District of Illinois. *See Taubenfeld v. AON Corp.*, 415 F.3d 597, 599 (7th Cir. 2005) (citation omitted).

14. This Court has held that one-third to thirty-five percent of a common fund is an

appropriate attorneys' fee award in class action settlements, including in wage and hour settlements. *See, e.g.*, *Koszyk v. Country Fin. a/k/a CC Servs., Inc.*, 2016 WL 5109196, at *3 (N.D. Ill. Sept. 16, 2016) (granting request for one-third of the settlement fund for attorneys' fees plus costs); *Taubenfeld*, 415 F.3d at 599-600 (noting class actions in the Northern District of Illinois have awarded fees of 30-39% of the settlement fund); *Gaskill v. Gordon*, 160 F.3d 361, 362-63 (7th Cir. 1998) (affirming award of 38% of fund); *In re Dairy Farmers of Am.*, Inc., 80 F. Supp. 3d 838, 842 (N.D. Ill. 2015) (awarding fees of one-third common fund); *Goldsmith v. Tech. Solutions Co.*, 1995 WL 17009594, *7-8 (N.D. Ill. Oct. 10, 1995) (same and noting that "where the percentage method is utilized, courts in this District commonly award attorneys' fees equal to approximately one-third or more of the recovery"); *see also* 3 Alba Conte et al., Newberg on Class Actions § 14.6 (4th ed. 2002) ("[F]ee awards in class actions average around one-third of the recovery[.]").

15. Settlement Class Counsel's requested fee is also reasonable in light of the significant risks of nonpayment that they faced. At the outset of the litigation, Settlement Class Counsel took "on a significant degree of risk of nonpayment" in agreeing to represent the Named Plaintiff. *Taubenfeld*, 415 F.3d at 600 (approving of district court's reliance on this factor in evaluating attorneys' fees). These counsel took this case on a contingent basis, meaning that there was a strong risk that they would not be paid. *See Sutton v. Bernard*, 504 F.3d 688, 693-94 (7th Cir. 2007) ("We recognized [in an earlier case] that there is generally some degree of risk that attorneys will receive no fee (or at least not the fee that reflects their efforts) when representing a class because their fee is linked to the success of the suit."). Plaintiff's Counsel also faced significant legal hurdles in establishing certification and proving liability. As the Seventh Circuit has noted, Plaintiff's Counsel "could have lost everything" they invested. *Matter of Cont'l Ill. Sec.*

*Litig.*, 962 F.2d 566, 570 (7th Cir. 1992) (Posner, J.).

16. Nor will Settlement Class Members be required to provide a general release in order to participate in the Settlement. As a result, any claim a Settlement Class Member may have other than those asserted or related to this lawsuit remain unaffected. The absence of a general release exemplifies the results achieved for the Settlement Class. *See Ramah Navajo Chapter v. Babbitt*, 50 F. Supp. 2d 1091, 1103-04 (D.N.M. 1999) (noting that the limited, rather than general, nature of the release as further evidence of an exceptional result in favor of class members).

17. Settlement Class Counsel's request for reimbursement of $12,555.99 in actual out-of-pocket expenses incurred in prosecuting this case, including costs for court fees, electronic research, postage and courier fees, photocopies, and the fees of the private mediator, is granted. The Court finds these costs to be reasonably incurred.

18. The Settlement Administrator shall be paid a reasonable sum from the Gross Settlement Fund, currently estimated at $10,140.99, for the services provided in connection with the administration of the Settlement.

19. Neither this Partial Final Judgment nor any aspect of this Settlement is to be offered as evidence of, or construed or deemed as an admission of, liability, culpability, negligence, or wrongdoing on the part of Defendants or their employees or agents. Without limiting the generality of the foregoing, nothing about this Partial Final Judgment or the Settlement shall be offered or construed as an admission or evidence of the propriety or feasibility of certifying a class in this lawsuit or any other action for adversarial, rather than settlement, purposes.

20. The Parties are hereby authorized, without further approval from the Court, to agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and all exhibits thereto as (i) are consistent in all material respects with this Partial Final Judgment,

7

and (ii) do not limit the rights of the Settlement Class Members.

21. The Court hereby DISMISSES WITH PREJUDICE all claims of Participating Settlement Class Members, including all individual, collective, and class claims presented thereby, with each party to bear his, her, or its own fees and costs, except as set forth herein. The claims of the Rule 23 Settlement Class Member who excluded herself from participating in the settlement, as identified herein, are dismissed without prejudice.

22. Pursuant to Federal Rule of Civil Procedure 54(b), the Court hereby enters PARTIAL FINAL JUDGMENT as to all claims of the Settlement Class Members. The Court expressly determines that there is no just reason to delay. Immediate appealability of this Partial Final Judgment is necessary and desirable because the Parties' Settlement Agreement requires expiration of the appeals period before payments to the Participating Settlement Class Members will be made.

23. This Court retains exclusive jurisdiction to enforce the Settlement Agreement, including disbursement of the Gross Settlement Fund.

ENTER:

12/17/19

_____
Rebecca R. Pallmeyer
United States District Judge